FILED
2020 May-22  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
2/27/2020 8:38 AM
01-CV-2020-900797.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| Carman Davis, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| Joel's Pinson LLC.; ) | |
| Charles Matsos ) | |
| Fictitious Defendant ) | |
| No. 1, the entity(ies) which is the ) | |
| Successor-in-interest of any of ) | |
| Those entities named or fictitiously ) | |
| Described. No. 2, The entity(ies) ) | |
| That were the employer of the ) | |
| Plaintiff, No. 3, The individual ) | |
| That was the employer of the ) | |
| Plaintiff, No. 4, the entity(ies) ) | |
| That were the master or principle, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes Now, Plaintiff by and through her undersigned attorney of record and files this Complaint as follows:

This action is brought by Plaintiffs for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for unpaid compensation, liquidated damages, costs,

attorneys' fees, and/or any such other relief the Court may deem appropriate.

Simultaneously, Plaintiffs assert Alabama state law claims under the theories of

breach of contract, and unjust enrichment.

## VENUE

The actions, inactions and/or events giving rise to the Plaintiff's claims occurred

wholly within the geographical boundaries of Jefferson County, in the State of

Alabama.

## PARTIES

### A. Plaintiff

1. The Plaintiff, Carman Davis is over the age of nineteen (19) years, and is domiciled in the State of Alabama.

2. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendants.

### B. Defendants

3. Joel's Pinson LLC is a business organization currently operating as an Alabama Corporation with its registered address at 1900 Crestwood Blvd Suite 98 Irondale, AL 35210.

4. Joel's Pinson LLC. is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act;

specifically, Joel's Pinson LLC specializes in food services.

5. Further, upon information and belief, Joel's Pinson LLC has gross revenues which exceed $500,000.00 per year.

6. Joel's Pinson LLC is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

7. Charles Matsos is the owner of Joel's Pinson LLC.

8. Charles Matsos had the authority to hire and fire employees.

9. Charles Matsos supervised and controlled the Plaintiff's work schedule.

10. Charles Matsos determined the method and rate of pay for the Plaintiff.

11. Charles Matsos acted and acts in the interests of Joel's Pinson LLC in relation to its employees. Thus, Charles Matsos was and is an employer within the meaning of the Fair Labor Standard Act.

## **FACTS**

12. The Plaintiff was employed by the Defendant on paper beginning in March of 2018.

13. However, Plaintiff did work "under the table" for Charles Matsos prior to March 2018.

14. The Plaintiff's basic job duties were to serve food, work in the kitchen, manage the store, lead the catering business, and close the store.

15. Plaintiff was paid roughly $1000 a month.

16. However, at some point after April of 2018 this shifted to a day rate of $50 per day.

17. Plaintiff regularly worked in excess of forty (40) hours per week during the term of her employment with the Defendant.

18. However, the Plaintiff did not receive the premium overtime rate required by the FLSA for each hour worked above forty (40) per week.

19. It is Plaintiff's best recollection that she earned approximately 300 hours of overtime during her employment with the Defendant.

20. The duties assigned to and performed by the Plaintiff did not exempt her from the protections of the FLSA.

21. The Plaintiff believes and expects the discovery process to assist her in gathering evidence which shows that the Plaintiff's wages did not compensate her in the manner required by the FLSA.

22. The Defendant has a duty under 29 U.S.C. § 211(c) to keep certain records relating to the hours the Plaintiff worked and the pay the Plaintiff received;

the Plaintiff will rely upon these records, assuming they are correct, as part of her case.

23. The Defendant's violations of the Fair Labor Standards Act were willful and were the result of a conscious business decision made by the Defendant to generate greater profit at the expense of employees.

### COUNT ONE-VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (Minimum Wage Violations - 29 U.S.C. § 206)

24. The plaintiff re-alleges paragraphs 1-23 as though fully set out herein.

25. At some point Defendant shifted Plaintiff's pay to a $50-day rate.

26. Therefore, Plaintiff's hourly rate would have been $4.20.

27. A threshold requirement for an employee to be exempt from the FLSA is a minimum payment of $455 per week.

28. Defendant failed to pay the Plaintiff the minimum wage requirement under the act.

29. Therefore, Plaintiff was not an exempt employee during this time.

30. The Defendant's failure to pay the Plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

31. The Defendant, by such failure, has willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

## COUNT TWO- VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations-29 U.S.C. § 207)

32. Plaintiff hereby realleges paragraphs 1-23 as though fully set forth herein.

33. Defendant agreed to pay Plaintiff $300 plus commission for her catering position, however at some point that changed to a day rate of $50.

34. Therefore, Plaintiff's hourly rate would have been $4.20.

35. A threshold requirement for an employee to be exempt from the FLSA is a minimum payment of $455 per week.

36. Defendant failed to pay the Plaintiff the minimum requirement under the act.

37. Therefore, Plaintiff was not an exempt employee during this time.

38. During the relevant time periods the Plaintiff regularly worked over 40 hours in a week.

39. The Defendants have failed to compensate the Plaintiff at the premium overtime rate for all hours worked above forty in each work week.

40. The Defendants' failure to pay the Plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

41. The Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

## COUNT THREE -BREACH OF CONTRACT

42. Plaintiff hereby realleges paragraphs 1-23 as though fully set forth herein.

43. Plaintiff and Defendant are parties capable of entering into a contract.

44. Plaintiff and Defendant voluntarily entered into mutual agreements regarding compensation for employment.

45. Such agreements, though not in writing, are enforceable contracts under Alabama law.

46. Defendant agreed to compensate Plaintiff $300 plus commission.

47. Plaintiff performed work for the Defendant from March of 2018 through November of 2018.

48. Defendant knowingly and intentionally breached said contract by failing to compensate Plaintiff with the agreed upon rate, for all the work performed during the pertinent periods.

49. As a direct and proximate result of Defendant's breach, Plaintiff suffered lost wages, lost interest on the wages earned, legal fees, and has been otherwise injured and damaged.

## COUNT FOUR- UNJUST ENRICHMENT

50. Plaintiff hereby realleges paragraphs 1-23 as though fully set forth herein.

51. Defendant knowingly accepted Plaintiff's services in overseeing restaurant business.

52. Plaintiff had a reasonable expectation of compensation for all hours worked for the benefit of the Defendant.

53. Plaintiff is entitled to the reasonable value of her services rendered for Defendants for the hours she performed work but not paid.

54. Plaintiff's work enriched Defendant at the expense of Plaintiff.

55. Equity and good conscience require Defendants to make restitution and pay Plaintiff for her services rendered.

56. Defendants' failure to compensate the Plaintiff would result in an unjust enrichment for the Defendant.

## COUNT FIVE-SUCCESSOR-IN-INTEREST

57. Plaintiff hereby reallege paragraphs 1-23 as though fully set forth herein.

58. Fictitious Defendant, No. 1, was the successor-in-interest to one or more of the other Defendants named or fictitiously described in this complaint.   As the successor-in-interest to such other Defendants, Fictitious Defendant, No. 1, is liable to the Plaintiff for unpaid wages and unpaid overtime wages made the basis of this suit.

## COUNT SIX-FICTITIOUS DEFENDANTS

59. Plaintiff hereby reallege paragraphs 1-23 as though fully set forth herein.

60. Plaintiff alleges that Fictitious Defendants No. 1-4 are liable to the Plaintiff for the unpaid wages and overtime wages made the basis of this suit.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

a.   Require Defendants to pay Plaintiff damages for unpaid wages for the weeks at issue in this case;

b.   Require Defendants to pay Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

c.   Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

d.   Require Defendants to pay Plaintiff damages as provided for under Alabama law for Defendants' willful breaches of contract in refusing to pay Plaintiff for her work performed;

e.   Require Defendants to pay Plaintiff restitution under the theories of unjust enrichment for the services Plaintiff performed at her detriment, which enriched Defendants;

f.   Issue a declaratory judgment that Defendants breached each contract in violation of Alabama law by refusing to pay Plaintiff for her work;

g.   Issue a declaratory judgment that Defendants were unjustly enriched by Plaintiff's services;

h.   Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

i.   Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Travis A. McCormick
Travis A. McCormick
ASB-1124-S83T

**OF COUNSEL**:

The McCormick Firm, P.L.L.C.
2100 Providence Park, Suite 200
Birmingham, Alabama 35242
Phone: (205) 968-1302
tmccormick@themccormickfirm.com

**Please serve the Defendants by certified mail as follows:**

Joel's Pinson, LLC
C/O Charles Matsos
1900 Crestwood Blvd
Suite 98

Birmingham, AL 35210

Charles Matsos
1900 Crestwood Blvd
Suite 98
Birmingham, AL 35210

ELECTRONICALLY FILED
4/20/2020 12:40 PM
01-CV-2020-900797.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| Carman Davis, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: CV-2020-900797.00 |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Joel's Pinson LLC.; | ) | |
| Charles Matsos; | | |
| Golden Rule Barbeque Inc.; | ) | |
| Fictitious Defendant | ) | |
| No. 1, the entity(ies) which is the | ) | |
| Successor-in-interest of any of | ) | |
| Those entities named or fictitiously | ) | |
| Described. No. 2, The entity(ies) | ) | |
| That were the employer of the | ) | |
| Plaintiff, No. 3, The individual | ) | |
| That was the employer of the | ) | |
| Plaintiff, No. 4, the entity(ies) | ) | |
| That were the master or principle, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes Now, Plaintiff by and through her undersigned attorney of record and files this Complaint as follows:

This action is brought by Plaintiffs for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for unpaid compensation, liquidated damages, costs,

attorneys' fees, and/or any such other relief the Court may deem appropriate. Simultaneously, Plaintiffs assert Alabama state law claims under the theories of breach of contract, and unjust enrichment.

## **VENUE**

The actions, inactions and/or events giving rise to the Plaintiff's claims occurred wholly within the geographical boundaries of Jefferson County, in the State of Alabama.

## **PARTIES**

### **A. Plaintiff**

1. The Plaintiff, Carman Davis is over the age of nineteen (19) years, and is domiciled in the State of Alabama.

2. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendants.

### **B. Defendants**

3. Joel's Pinson LLC is a business organization currently operating as an Alabama Corporation with its registered address at 1900 Crestwood Blvd Suite 98 Irondale, AL 35210.

4. Joel's Pinson LLC. is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act;

specifically, Joel's Pinson LLC specializes in food services.

5. Further, upon information and belief, Joel's Pinson LLC has gross revenues which exceed $500,000.00 per year.

6. Joel's Pinson LLC is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

7. Golden Rule Barbecue, Inc. is a business organization currently operating as an Alabama Corporation with its registered address at 1900 Crestwood Blvd Suite 98 Irondale, AL 35210.

8. Golden Rule Barbecue, Inc. is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, Golden Rule Barbecue, Inc. specializes in food services.

9. Further, upon information and belief, Golden Rule Barbecue, Inc. has gross revenues which exceed $500,000.00 per year.

10. Golden Rule Barbecue, Inc. is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

11. Charles Matsos is the owner of both Joel's Pinson LLC and Golden Rule Barbecue, Inc.

12. Charles Matsos had the authority to hire and fire employees.

13. Charles Matsos supervised and controlled the Plaintiff's work schedule.

14. Charles Matsos determined the method and rate of pay for the Plaintiff.

15. Charles Matsos acted and acts in the interests of both Joel's Pinson LLC and Golden Rule Barbecue, Inc. in relation to its employees. Thus, Charles Matsos was and is an employer within the meaning of the Fair Labor Standard Act.

## **FACTS**

16. The Plaintiff was employed by the Defendant on paper beginning in March of 2018.

17. However, Plaintiff did work "under the table" for Charles Matsos prior to March 2018.

18. The Plaintiff's basic job duties were to serve food, work in the kitchen, manage the store, lead the catering business, and close the store.

19. Plaintiff was paid roughly $1000 a month.

20. However, at some point after April of 2018 this shifted to a day rate of $50 per day.

21. Plaintiff regularly worked in excess of forty (40) hours per week during the term of her employment with the Defendant.

22. However, the Plaintiff did not receive the premium overtime rate required by the FLSA for each hour worked above forty (40) per week.

23. It is Plaintiff's best recollection that she earned approximately 300 hours of overtime during her employment with the Defendant.

24. The duties assigned to and performed by the Plaintiff did not exempt her from the protections of the FLSA.

25. The Plaintiff believes and expects the discovery process to assist her in gathering evidence which shows that the Plaintiff's wages did not compensate her in the manner required by the FLSA.

26. The Defendant has a duty under 29 U.S.C. § 211(c) to keep certain records relating to the hours the Plaintiff worked and the pay the Plaintiff received; the Plaintiff will rely upon these records, assuming they are correct, as part of her case.

27. The Defendant's violations of the Fair Labor Standards Act were willful and were the result of a conscious business decision made by the Defendant to generate greater profit at the expense of employees.

## COUNT ONE-VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (Minimum Wage Violations - 29 U.S.C. § 206)

28. The plaintiff re-alleges paragraphs 1-27 as though fully set out herein.

29. At some point Defendant shifted Plaintiff's pay to a $50-day rate.

30. Therefore, Plaintiff's hourly rate would have been $4.20.

31. A threshold requirement for an employee to be exempt from the FLSA is a minimum payment of $455 per week.

32. Defendant failed to pay the Plaintiff the minimum wage requirement under the act.

33. Therefore, Plaintiff was not an exempt employee during this time.

34. The Defendant's failure to pay the Plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

35. The Defendant, by such failure, has willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

## COUNT TWO- VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## (Overtime Violations-29 U.S.C. § 207)

36. Plaintiff hereby realleges paragraphs 1-27 as though fully set forth herein.

37. Defendant agreed to pay Plaintiff $300 plus commission for her catering position, however at some point that changed to a day rate of $50.

38. Therefore, Plaintiff's hourly rate would have been $4.20.

39. A threshold requirement for an employee to be exempt from the FLSA is a minimum payment of $455 per week.

40. Defendant failed to pay the Plaintiff the minimum requirement under the act.

41. Therefore, Plaintiff was not an exempt employee during this time.

42. During the relevant time periods the Plaintiff regularly worked over 40 hours in a week.

43. The Defendants have failed to compensate the Plaintiff at the premium overtime rate for all hours worked above forty in each work week.

44. The Defendants' failure to pay the Plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

45. The Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

## <u>COUNT THREE -BREACH OF CONTRACT</u>

46. Plaintiff hereby realleges paragraphs 1-27 as though fully set forth herein.

47. Plaintiff and Defendant are parties capable of entering into a contract.

48. Plaintiff and Defendant voluntarily entered into mutual agreements regarding compensation for employment.

49. Such agreements, though not in writing, are enforceable contracts under Alabama law.

50. Defendant agreed to compensate Plaintiff $300 plus commission.

51. Plaintiff performed work for the Defendant from March of 2018 through November of 2018.

52. Defendant knowingly and intentionally breached said contract by failing to compensate Plaintiff with the agreed upon rate, for all the work performed during the pertinent periods.

53. As a direct and proximate result of Defendant's breach, Plaintiff suffered lost wages, lost interest on the wages earned, legal fees, and has been otherwise injured and damaged.

## COUNT FOUR- UNJUST ENRICHMENT

54. Plaintiff hereby reallege paragraphs 1-27 as though fully set forth herein.

55. Defendant knowingly accepted Plaintiff's services in overseeing restaurant business.

56. Plaintiff had a reasonable expectation of compensation for all hours worked for the benefit of the Defendant.

57. Plaintiff is entitled to the reasonable value of her services rendered for Defendants for the hours she performed work but not paid.

58. Plaintiff's work enriched Defendant at the expense of Plaintiff.

59. Equity and good conscience require Defendants to make restitution and pay Plaintiff for her services rendered.

60. Defendants' failure to compensate the Plaintiff would result in an unjust enrichment for the Defendant.

## **COUNT FIVE-SUCCESSOR-IN-INTEREST**

61. Plaintiff hereby reallege paragraphs 1-27 as though fully set forth herein.

62. Fictitious Defendant, No. 1, was the successor-in-interest to one or more of the other Defendants named or fictitiously described in this complaint.   As the successor-in-interest to such other Defendants, Fictitious Defendant, No. 1, is liable to the Plaintiff for unpaid wages and unpaid overtime wages made the basis of this suit.

## **COUNT SIX-FICTITIOUS DEFENDANTS**

63. Plaintiff hereby reallege paragraphs 1-23 as though fully set forth herein.

64. Plaintiff alleges that Fictitious Defendants No. 1-4 are liable to the Plaintiff for the unpaid wages and overtime wages made the basis of this suit.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

a.    Require Defendants to pay Plaintiff damages for unpaid wages for the weeks at issue in this case;

b.    Require Defendants to pay Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

c.    Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

d.    Require Defendants to pay Plaintiff damages as provided for under Alabama law for Defendants' willful breaches of contract in refusing to pay Plaintiff for her work performed;

e.    Require Defendants to pay Plaintiff restitution under the theories of unjust enrichment for the services Plaintiff performed at her detriment, which enriched Defendants;

f.    Issue a declaratory judgment that Defendants breached each contract in violation of Alabama law by refusing to pay Plaintiff for her work;

g.    Issue a declaratory judgment that Defendants were unjustly enriched by Plaintiff's services;

h.    Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

i.      Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Travis A. McCormick
Travis A. McCormick
ASB-1124-S83T

**OF COUNSEL**:

The McCormick Firm, P.L.L.C.
2100 Providence Park, Suite 200
Birmingham, Alabama 35242
Phone: (205) 968-1302
tmccormick@themccormickfirm.com

**Defendants to be served via Process Server as follows:**

Joel's Pinson, LLC
C/O Charles Matsos
1900 Crestwood Blvd
Suite 98
Birmingham, AL 35210

Golden Rule Barbeque, Inc.
C/O Charles Matsos
1900 Crestwood Blvd
Suite 98
Birmingham, AL 35210

Charles Matsos
5953 Waterscape Pass
Birmingham, AL 35244